UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY LORENZO WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD TRUMP, *et al*., )<br>)<br>)<br>Defendants. ) | Civil Action No. 1:22-cv-00336 (UNA) |

## MEMORANDUM OPINION

Before the Court is the plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the plaintiff's *in forma pauperis* application and dismiss the case because the plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that it lacks subject matter jurisdiction).

The plaintiff, a resident of Wilmington, North Carolina, sues the United States and President Trump based on the attack on the United States Capitol that took place on January 6, 2021, alleging that the defendants engaged in a gross abuse of power by encouraging the rioters. He further alleges that defendants committed large-scale discrimination and otherwise violated the Constitution, various statutes, and tenets of common law. He seeks damages and equitable relief.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and

particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). Importantly, where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, the plaintiff has failed to establish standing because the complaint plainly raises a generalized grievance, and the plaintiff provides no support for any specific injury that is concrete and particularized to himself. Plaintiff contends that his brother was murdered in the District of Columbia as a result of an unrelated road rage incident, and that he cannot visit the site of his brother's death for fear of a potential riot or attack. These allegations do not, however, establish standing. Standing cannot be created "based on . . . fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 417 (2013) (citing *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (per curiam) and *National Family Planning & Reproductive Health Assn., Inc.*, 468 F.3d 826, 831 (D.C. Cir. 2006)).

Consequently, this case will be dismissed without prejudice for lack of subject matter jurisdiction, and the plaintiff's motion for appointment of counsel, ECF No. 3, will be denied as moot. A separate order accompanies this memorandum opinion.

Date: September 27, 2022

_____/s/_____
TIMOTHY J. KELLY
United States District Judge